IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

JOHN PARKER,  )
                  )
    Plaintiff,  )
                  )
                  )
v.  )
                  )
WILLIAMS PLANT SERVICES,  )
LLC,  )
                  )
    Defendant.  )

RECEIVED

2016 APR -6  P 1: 56

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

CIVIL ACTION NUMBER:

1:16-CV-239-WKW-6MB

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Williams Plant Services, LLC ("Williams" or "Defendant"), appearing specially so as to preserve any and all defenses under Rule 12 of the Federal Rules of Civil Procedure, hereby removes case number 38-CV-2016-900009 from the Circuit Court of Houston County, Alabama, where it is now pending, to the United States District Court for the Middle District of Alabama. As grounds for its removal, Williams states as follows:

### I. SERVICE AND TIMELINESS OF REMOVAL

1. Plaintiff filed the present action (case number 38-CV-2016-900009) on or about January 13, 2016, in the Circuit Court of Houston County, Alabama against Williams.

2.     Williams was served with the Summons and Complaint on March 7, 2016. A true and correct copy of all process, pleadings and papers served on Defendant in the state court action are attached hereto as Exhibit 1, including the Summons and Complaint, and are incorporated herein by reference. *See* 28 U.S.C. § 1446(a). Williams has not pled, answered or otherwise appeared in the state court action.

3.     This Complaint constitutes a civil action within the meaning of the Acts of Congress governing the removal of cases from a state court to a federal district court.

4.     This Notice of Removal is timely because it is filed within thirty (30) days after service of plaintiff's Complaint as required by 28 U.S.C. § 1446(b). *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 357-59 (1999) ("[A] named defendant's time to remove is triggered by the simultaneous service of the summons and complaint . . . .").

5.     This Notice of Removal is filed within the district and division in which the state court action is pending. *See* 28 U.S.C. § 1446(a).

6.     In accordance with 28 U.S.C. § 1441, Williams gives notice of the removal of this action from the Circuit Court of Houston County, Alabama to the United States District Court for the Middle District of Alabama. A copy of this Notice is attached hereto as Exhibit 2.

7.     Pursuant to 28 U.S.C. § 1446(d), Williams has served its Notice of Removal on all parties by U.S. Mail, and Williams has filed by U.S. Mail this Notice with the Clerk of the Circuit Court of Houston County, Alabama.

## II. PLAINTIFF'S COMPLAINT PRESENTS A FEDERAL QUESTION

8.     Plaintiff's Complaint is a civil action that is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a)     Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.  For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

> (b)     Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

9.     This action is properly removable under 28 U.S.C. § 1441(a) and (b) because this United States District Court has original jurisdiction of this case under 28 U.S.C. § 1331, which provides in pertinent part:

> (a)     The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

3

10.     Plaintiff alleges breach of an alleged employment contract under which he seeks payment of overtime at the rate of $74.02 per hour (time and a half based on his hourly rate of $49.35).   Exhibit 1 (Compl., at 2).   However, the "contract" at issue is a June 2, 2011, offer letter which clearly references the Fair Labor Standards Act ("FLSA") as the basis for any such pay calculations.[1]   Exhibit 3 at Exhibit A (copy of offer letter constituting the "contract" referenced on face of Complaint attached to Declaration of Monte McDowell).   That referenced "contract" states Plaintiff is "classified as non-exempt from the requirements of the [FLSA]" while identifying the hourly and overtime compensation rates sought by Plaintiff. *Id.* Moreover, Alabama has no state overtime laws which would address overtime owed or its calculation.

11.     Because Plaintiff seeks overtime calculable under the FLSA on the face of his Complaint, and because the FLSA is federal law, Plaintiff's claims fall under federal question jurisdiction and therefore are subject to removal to federal court. *See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830 (2002) (whether a case "arises under" federal law for original jurisdiction purposes is tested by the "well-pleaded complaint" rule which requires federal courts to consider only what necessarily appears in plaintiff's statement of his or her claim). *See also Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998)

---

[1] Defendant does not concede that this offer letter is an employment agreement or makes Plaintiff anything other than an employee at will.

4

(whether the claim "arises under" federal law for removal purposes is determined by the same "well-pleaded complaint rule" that determines original federal question jurisdiction).

12.    Accordingly, removal is proper under 28 U.S.C. §§ 1441 and 1446, as Plaintiff clearly alleges on the face of his Complaint and its incorporated documents that his claims for overtime arise under the Fair Labor Standards Act. *See* Exhibits 1, 3.

## III.    PLAINTIFF'S COMPLAINT IS REMOVABLE AS DIVERSITY EXISTS BETWEEN THE PARTIES

13.    Alternatively, this action is properly removable under 28 U.S.C. § 1441(a) and (b) because this United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332, which provides in pertinent part:

> (a)    The district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1) citizens of different States. . . .

14.    This matter meets the amount in controversy threshold of $75,000 as set forth in 28 U.S.C. § 1332 as Plaintiff seeks damages in excess of that threshold. Plaintiff alleges he is owed separation pay of one week's pay for each of 18 years' service. *See* Exhibit 1 (Complaint at 2, ¶¶ 15, 18.) At his stated pay of $49.35 per hour, this would total approximately $36,000 with a standard workweek of 40

hours, more if overtime is allegedly for that week. *See* Exhibit 1 (Complaint at 2, ¶ 7.) Additionally, Plaintiff alleges he was not paid overtime from May 31, 2011, until his last day of work, February 23, 2015. *See* Exhibit 1 (Complaint at 2, ¶¶ 11, 13, 19). He further alleges he is owed such overtime at the rate of $74.02 per hour. *See* Exhibit 1 (Complaint at 2, ¶ 13.) While Plaintiff does not identify how much overtime he allegedly worked, if he seeks only three hours a week in overtime, those requested damages would total approximately $40,000. Thus, in total, Plaintiff seeks more than $75,000 in damages.

15. Further, as evidenced in the Complaint and described below, complete diversity exists between the parties as required by 28 U.S.C. § 1332. Thus, diversity jurisdiction does exist.

16. As alleged in the Complaint, plaintiff is a resident of Houston County, Alabama. *See* Exhibit 1 (Complaint at 1, ¶ 1).

17. The corporate defendant is diverse. As noted in the Complaint, Williams is a foreign limited liability company organized under laws of the State of Georgia, not an Alabama corporation. *See* Exhibit 1 (Complaint at 1, ¶ 2). Its members are not citizens of Alabama, but citizens of Georgia and Texas. *See* Exhibit 3 (Declaration of Monte McDowell at 1, ¶ 2).

18.    Accordingly, as the Complaint itself evidences the amount in controversy exceeds $75,000 and that the parties are citizens of different states, removal is proper under 28 U.S.C. §§ 1332, 1441 and 1446. *See* Exhibits 1, 3.

WHEREFORE, Defendant Williams Plant Services, LLC respectfully requests that the United States District Court for the Middle District of Alabama accept the removal of this action from the state court and direct that the Circuit Court of Houston County, Alabama have no further jurisdiction of this matter unless and until this case is remanded.

Dated this 5th day of April, 2016.

Respectfully submitted,

Thomas A. Davis (ASB-5877-S56T)
DavisT@jacksonlewis.com
Direct Dial:  205-332-3101
Yvonne Norris Maddalena (ASB-3633-B51Y)
Yvonne.Maddalena@jacksonlewis.com
Direct Dial:  205-332-3118
**Jackson Lewis LLC**
800 Shades Creek Parkway, Suite 870
Birmingham, AL 35209
Facsimile:  205-332-3131
**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 5th day of April, 2016, a true and correct copy of the foregoing has been served via U.S. Mail & Email, as follows:

Tracy W. Cary
Morris, Cary, Andrews, Talmadge & Driggers, LLC
3334 Ross Clark Circle
Dothan, Alabama 36303


_____
Counsel of Record

8