ELECTRONICALLY FILED
1/13/2016 11:20 AM
38-CV-2016-900009.00
CIRCUIT COURT OF
HOUSTON COUNTY, ALABAMA
CARLA H. WOODALL, CLERK

DOCUMENT 2

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

| | |
|---|---|
| JOHN PARKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: CV-2016-_____ |
| | ) |
| WILLIAMS PLANT SERVICES, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

**PLEASE NOTE:** Plaintiff's First Set of Interrogatories and Requests for Production of Documents to Defendant WILLIAMS PLANT SERVICES, LLC have been served with this Complaint. If you do not receive these documents, please telephone the undersigned attorney's office, and a copy will be forwarded to you immediately.

Plaintiff John Parker files the following Complaint against Defendant Williams Plant Services, LLC:

### Parties and Jurisdiction

1. Plaintiff John Parker (hereinafter "Plaintiff" or "Employee") is an adult resident and citizen of Houston County, Alabama.

2. Defendant Williams Plant Services, LLC, (hereinafter "Defendant" or "Company") is a foreign limited liability company organized under the laws of the State of Georgia but which was doing business through agents at all times material hereto in Houston County, Alabama.

3. A substantial part of the acts and omissions giving rise to Plaintiff's claims against Defendant occurred in Houston County, Alabama.

4. The amount in controversy, exclusive of attorney fees and costs, exceeds the minimum jurisdictional requirements of this Court.

1

## COUNT ONE
## BREACH OF CONTRACT

5. Plaintiff realleges all the foregoing material paragraphs as if fully set out herein.

6. Plaintiff worked for the Defendant in various positions for a period of approximately 18 years from February 1996 through February 23, 2015.

7. Effective May 31, 2011, Defendant offered Plaintiff the position of General Superintendent at the Farley Nuclear Plant at a rate of $49.35 per hour plus time and one-half for hours worked over 40 hours per week.

8. Thereafter, Plaintiff performed all the job duties required of him by the Defendant to the best of his ability.

9. Plaintiff exceeded 40 hours on a number of weeks but was not paid overtime as promised.

10. Throughout his nearly 18 years of employment with Defendant Plaintiff never received any reprimands.

11. On or about February 23, 2015, Defendant terminated Plaintiff.

12. Defendant's termination of Plaintiff was without cause.

13. Between May 31, 2011 and the last date Plaintiff worked for Defendant, Plaintiff often exceeded 40 hours of work per week but the Defendant failed to pay him overtime pay at the rate of $74.02 per hour.

14. Plaintiff performed his obligations under the employment agreement with Defendant.

15. Moreover, upon being terminated, Plaintiff was not paid his separation pay of one week per year of service over the course of nearly 18 years of service for the Defendant.

DOCUMENT 2

16. Plaintiff was not given written notice of the allegedly offending conduct and a reasonable opportunity to cure the same before his termination.

17. Before terminating Plaintiff without good cause, Defendant breached the agreement by failing to pay Plaintiff the appropriate hourly rate of pay when Plaintiff exceeded 40 hours per week.

18. After terminating Plaintiff without good cause, Defendant failed to pay Plaintiff separation pay of one week per year of service over the course of nearly 18 years of service for the Defendant.

19. Defendant's failure and refusal to pay overtime and make the required severance payment to Plaintiff was a breach of the employment agreement.

20. Plaintiff suffered damages as a proximate result of Defendant's breach of the employment agreement.

WHEREFORE Plaintiff demands judgment against Defendant for damages in such amount as determined by the trier of fact.

## COUNT TWO
## BREACH OF IMPLIED COVENANT
## OF GOOD FAITH AND FAIR DEALING

21. Plaintiff realleges all the foregoing material paragraphs as if fully set out herein.

22. The contract between Plaintiff and Defendant includes an implied covenant of good faith and fair dealing.

23. The implied covenant of good faith and fair dealing requires a party to refrain from (a) arbitrary or unreasonable conduct; (b) oppressive or underhanded tactics; (c) fraud, deceit, or misrepresentation; and (d) opportunism, by taking advantage of one's

DOCUMENT 2

3

control in the implementation of the agreement; which has the effect of preventing the other party to the contract from receiving the fruits of the bargain.

24. Defendant breached the implied covenant of good faith and fair dealing by accusing Plaintiff of misconduct as a pretext for denying Plaintiff his bargained for severance payment.

25. Plaintiff was not guilty of misconduct and Defendant knew that when it made the accusation in connection with Plaintiff's termination.

26. Defendant had no arguable or debatable grounds to make the accusation and the accusation was made in bad faith.

27. Defendant's accusation was an arbitrary, unreasonable, oppressive, underhanded and deceitful tactic intended to prevent Plaintiff from receiving the severance payment.

28. Defendant has a pattern and practice of improperly invoking the "good cause" provision in its employment contracts as a pretext for denying employees bargained for severance payments.

29. Plaintiff suffered damages as a proximate result of Defendant's breach of the implied covenant of good faith and fair dealing.

WHEREFORE Plaintiff demands judgment against Defendant for damages in such amount as determined by the trier of fact.

## JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues raised in this Complaint.

/s/ Tracy W. Cary
Tracy W. Cary

DOCUMENT 2

4

Dated this ____ day of January, 2016.

MORRIS, CARY, ANDREWS,
TALMADGE & DRIGGERS, LLC

/s/ Tracy W. Cary
Tracy W. Cary (CAR098)
Attorney for Plaintiff
3334 Ross Clark Circle
Dothan, Alabama 36303
(334) 702-0000 Tel
(334) 673-0077 Fax
tcary@mcatlaw.com Email

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL:**

Williams Plant Services, LLC
2076 West Park Place
Stone Mountain, Georgia 30087-3530

DOCUMENT 2